United States District Court
South Carolina District OF Charleston

Mike Settle
  Plaintiff Prose

V.

No. 2:15-cv-1802-RMG-MGB

Jury Trial Demanded

Michael Slager
North Charleston Police
Department sued in their
individual and official
capacities
  Defendants

## 42 U.S.C. §1983

Preliminary Statement

   This is a civil rights action filed prose by Mike Settle, a state prisoner for damages and intentional infliction of emotional distress relief under §1983 for wrongful death against defendants that violated the Eighth and Fourteenth Amendments of the United States Constitution The tortious conduct be pursuant to police official municipalities "policy or custom".

Jurisdiction:

1. The court has jurisdiction over the plaintiff claims of violation of Federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

2. The court has jurisdiction over the plaintiff state law tort claims under 28 U.S.C. § 1367.

3. The court has diversity jurisdiction over the plaintiff claims as a citizen of different states. 28 U.S.C. § 1332(a)(1).

Parties:

4. The plaintiff Mike Settle, a prisoner at R.M.S.I., 7475 Cockrill Bend Blvd. Nashville, Tn. 37209.

5. Defendant Michael Slager police officer employed by North Charleston Police Department, South Carolina. He is sued in his individual and official capacities.

6. Defendant North Charleston Police Department, South Carolina. They are sued in their individual and official capacities.

7. The defendants have acted, and continue to act under color of state law at all times relevant to this complaint.

8. The exhaustion of administrative

remedies is not a prerequisite to bringing a §1983 action in federal court. <u>Patsy v. Board of Regents of State of Florida</u>, 457 U.S. 496, 102 S.Ct. 2557 (1982).

Facts:

9. A deprivation of rights secured by the Constitution and laws of the United States by defendants wrongful death of Mr. Walter Scott caused intentional infliction of emotional distress to plaintiff.

10. On April 8, 2015, the plaintiff witness on CBS Morning News defendant Slager shot Mr. Walter Scott eight (8) times in the back as he ran away unarmed.

11. Defendant Slager handcuff Mr. Scott as he lay face down on the ground after he was shot in the back.

12. Defendant Slager walked back pick up stun gun, brought it back and drop stun gun beside Mr. Scott body while another police officer standing there watching.

13. Defendant Slager stated in police report that Mr. Scott was given CPR but the video show after Mr. Scott was shot he was still face down on the ground.

14. Defendant Slager was fired as police officer with North Charleston Police Department and arrested on murder charge for

shooting Mr. Scott in the back shown on cell phone video broadcast on CBS.

15. Defendant Slager wrongful shot Mr. Scott in the back causing his death that constituted cruel and unusual punishment, because Mr. Scott was unarmed and not a threat to defendant Slager life.

16. Defendant Slager shot Mr. Scott eight times in the back constituted the force was unjustified infliction of bodily harm was applied maliciously for the purpose of causing him harm, violated clearly established law.

17. The witness to shooter's defendant Slager and murder of Mr. Scott stated claim against shooter estate for intentional infliction of emotional distress, close CBS broadcast physical proximity to the injury-producing event, an injury that was fata, were the required factors for foreseeability, not a close relationship to the injured party.

18. The duty as a police officer defendant Slager was not to shoot Mr. Scott unarmed in the back amounted to a municipal policy or custom.

19. Defendant North Charleston Police Department policy or custom not to shoot unarmed citizen in the back constitutes acts that the municipality has officially sanctioned or ordered defendant Slager is not legally under the state or federal constitutions.

20. Defendant North Charleston Police Department is responsible, under state law, for establishing final governmental policy respecting such activity, are held liable.

21. With respect to matters of law enforcement defendant North Charleston Police Department liability for the wrongful death of Mr. Scott by their officer defendant Slager.

22. Defendant Slager failed to act pursuant the policy or custom of defendant North Charleston Police Department not to shoot unarmed Mr. Scott in the back, caused a constitutional tort.

23. "Official policy" refers to formal rules or understandings - often but not always committed to writing - that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time.

24. Defendant North Charleston Police Department deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question, attaches municipal liability.

25. Defendant North Charleston Police Department constitutional deprivations of Mr. Scott rights to be protected by police under color of state pursuant to "custom or usage" even though such custom has not received formal approval through the body's official decision-

making channels action challenged.

26. Defendant Slager use of excessive force deprived plaintiff descendant Mr. Scott of life without due process of law.

27. Defendant North Charleston Police Department has caused the constitutional deprivation to Mr. Scott life by policy of grossly inadequate training of defendant Slager.

28. In shooting Mr. Scott in the back, defendant Slager was acting as the final decisonmaker for the North Charleston Police Department, and the department is liable under §1983.

29. The plaintiff and Mr. Walter Scott share same ancestry constitutes family based on his religious beliefs sincerely held African in nature Theology.

30. The plaintiff sue government defendant North Charleston Police Department under the RFRA authories relief against departments and agencies of a state. 42 U.S.C. §2000bb-2.

31. The plaintiff injuries are the result of defendant North Charleston Police Department "policy or custom" not to shoot unarmed Mr. Scott in the back.

32. Defendant North Charleston Police Department liable in official capacity be-

cause their failure to adequate train defendant Slager to run indicated their deliberate indifference to the rights of plaintiff.

33. Defendant North Charleston Police Department knew or should have known that defendant Slager is a racist, prejudice against the black race, by such indifference, failed to prevent it.

34. Defendant North Charleston Police Department execution of the policies, the plaintiff injury was incurred as a result because they "committed, authorized, or approved" not to shoot unarmed Mr. Scott in the back.

35. Defendant North Charleston Police Department "official" was personally involved in the unconstitutional activity of a subordinate not to shoot an unarmed black man in the back because the supervisor encouraged it under policy.

36. The plaintiff was subject to intentional infliction of emotional distress when defendants shot unarmed descendant Mr. Scott in the back caused sufficiently serious mentally and emotional pain.

37. The defendants not to shoot unarmed Mr. Scott in the back is a deliberate choice to follow a course of action is a direct causal link between a municipal policy

or custom and treatment of plaintiff.

38. Defendant North Charleston Police Department failed to adequately train employees CPR when they knew or should have known of the danger that Mr. Scott were likely to receive inadequate care.

39. Defendant North Charleston Police Department policy or custom to know CPR is a duty under state law to provide adequate care to plaintiff or Mr. Scott.

40. Defendant North Charleston Police Department recklessly, intentionally failed to train its white officers CPR under circumstances to enforce the law in which a deprivation of constitutional rights of adequate medical care was substantially certain to result.

41. Defendant Slager had a duty to know CPR and to act and his failure to do so is sufficiently evidences a policy or custom of deliberate indifference sufficient to establish the liability of the Department.

41. An official capacity suit, a suit against a government entity, North Charleston Police Department, failure train officers CPR unconstitutional action based on policy or custom to provide plaintiff adequate care.

42. Defendants were deliberately indifferent to Mr. Scott CPR needs while face down on the ground.

Claims for Relief:

43. The actions of defendant Slager in shooting unarmed Walter Scott in the back caused wrongful death without need or provocation under policy or custom, was done intentionally constituted deliberate indifference that was cruel and unusual punishment, violated the Eighth and Fourteenth Amendments of the United States Constitution.

44. The actions of defendant Slager drop stun gun by Mr. Scott body on the ground was fraud to cover-up and placed evidence, constituted deliberate indifference to conceal his Eighth Amendment violations.

45. The actions of defendant Slager murder Mr. Scott unjustified caused plaintiff intentional infliction of emotional distress, denied descendant due process of law in violation of the Fourteenth Amendment to the United States Constitution, and First Amendment.

46. The actions of defendant North Charleston Police Department was personally involved in the unconstitutional activity of officer Slager not to shoot unarmed Mr. Scott in the back, the department policy or custom sanctioned or ordered violated the Eighth and Fourteenth Amendments of the United States Constitution.

47. The failure of defendant North Charleston Police Department to adequate train

officer Slager to run indicated their deliberate indifference violations of Eighth Amendment rights.

48. The failure of defendant North Charleston Police Department to adequately train officer Slager CPR, a duty to provide adequate care to Mr. Scott constituted deliberate indifference to medical treatment in violation of Eighth and Fourteenth Amendments of the United States Constitution.

49. The actions of defendant North Charleston Police Department not to shoot unarmed Mr. Scott in the back constitute policy or custom acting pursuant to official policy denied plaintiff descendant right to trial in violation of the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

50. The actions of defendant North Charleston Police Department to train officers CPR constitute policy or custom to provide adequate care to plaintiff descendant Mr. Walter Scott constitutes deliberate indifference to serious medical needs in violation of the First, Eighth and Fourteenth Amendments of the United States Constitution, and the tort of negligence under state law of South Carolina.

51. The actions of defendant North Charleston Police Department personally involved in wrongful death of Mr. Walter Scott because policy or custom not to shoot unarmed in the back

constituted deliberate indifference, violation of First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

Relief Requested

WHEREFORE, plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The wrongful death of Mr. Walter Scott by Mr. Slager outrageous conduct direct at plaintiff for intentional infliction of emotional distress violated rights under the First, Eighth and Fourteenth Amendments of the United States Constitution.

2. Defendant Slager wrongful death of Mr. Scott was outrageous conduct direct at the plaintiff caused intentional infliction of emotional distress violated rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

3. Defendant North Charleston Police Department failure to train officers CPR violated rights under the Eighth Amendment and constituted deliberate indifference to adequate care to Mr. Scott medical treatment.

4. Defendant North Charleston Police Department policy or custom not to shoot unarmed Mr. Walter Scott in the back constituted

personally involved in outrageous conduct direct at plaintiff caused intentional infliction of emotional distress violated rights under First, Eighth and Fourteenth Amendments of United States Constitution.

B. Award compensatory damages in the amounts:

1. $500,000 jointly and severally against defendant Slager for the physical and emotional injuries to plaintiff sustained as a result of wrongful death of Mr. Walter Scott.

2. $500,000 jointly and severally against defendant North Charleston Police Department for the physical and emotional injuries to plaintiff sustained as a result of wrongful death of Mr. Walter Scott.

C. Grant such other relief as it may appear that plaintiff is entitled.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted.

4-14-15
Date

Mike Settle
R.M.S.I. 1-B-208
7475 Cockrill Bend Blvd.
Nashville, Tn. 37209

## Certificate of Service

I certify that an true and exact copy of the foregoing was sent by U.S. Mail to:

Office of Clerk
1845 Assembly St.
Columbia, SC 29201

4-14-15
Date

Mike Settle