IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mike Settle, #207584, | ) C/A No.: 2:15-1802-RMG-MGB |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Michael Slager and North Charleston Police Department, sued in their individual and official capacities, | ) |
| Defendants. | ) |

Mike Settle ("Plaintiff"), proceeding pro se and in forma pauperis, is incarcerated in the Riverbend Maximum Security Institution in Nashville, Tennessee. Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and the court's diversity jurisdiction alleging that Michael Slager ("Slager") and the North Charleston Police Department ("NCPD") (collectively "Defendants") violated his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff filed this complaint seeking to recover damages for violations of his Eighth and Fourteenth Amendment rights and for intentional infliction of emotional distress regarding the wrongful death of Walter Scott ("Scott"). [ECF No. 1 at 2–3].

Plaintiff alleges that on April 8, 2015, he was watching CBS Morning News and saw a video of NCPD officer Slager shooting Scott in the back eight times while Scott ran away unarmed. *Id.* at 3. Plaintiff argues that Slager's actions were wrongful and constituted cruel and unusual punishment because Scott was unarmed and not a threat to Slager's life. *Id.* at 4. Plaintiff argues that he and Scott "share same ancestry constitutes family based on his religious beliefs sincerely held African in nature theology." *Id.* at 6. Plaintiff claims that his injuries are the result of NCPD's "policy or custom not to shoot" unarmed Scott in the back. *Id.* Plaintiff argues that he was subjected to intentional infliction of emotional distress when Defendants "shot unarmed descendant Mr. Scott in the back" causing Plaintiff sufficiently serious mental and emotional pain. *Id.* at 7. Plaintiff claims that Slager's action in murdering Scott "denied descendant due process of law" in violation of the Fourteenth and First Amendments of the United States Constitution. *Id.* at 9. Plaintiff seeks declaratory relief and monetary damages. *Id.* at 11–12.

II.     Discussion

   A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint

2

lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Federal Question Jurisdiction

Plaintiff seeks damages under § 1983 alleging that Defendants caused the wrongful death of Scott. [ECF No. 1]. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person

3

acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A § 1983 claim must be based on the violation of one's own rights, not the rights of someone else. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) ("[A] section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else."); *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986) (finding that a bystander cannot recover for witnessing violation of the civil rights of another).

In this case, Plaintiff is attempting to bring an action for the alleged violations of Scott's civil rights. As an individual who viewed Scott's shooting during morning news coverage, Plaintiff is unable to assert the kind of deliberate deprivation of his constitutional rights necessary to state a claim under § 1983. Plaintiff's allegations of psychological and emotional injuries arising from Scott's death are insufficient to provide Plaintiff standing because Plaintiff has not alleged that Defendants' conduct was directed at him, and he cannot establish that Defendants had the requisite intent to violate his rights. Because a § 1983 action is personal to the direct victim of the alleged constitutional violation, no cause of action may lie under § 1983 for emotional distress or any other collateral injuries allegedly suffered by a third party. *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000); *Mitchell v. Cannon*, No. 2:07-3259-PMD-BM, 2009 WL 824202, *18 (D.S.C. Mar. 26, 2009) (holding that no standing for persons injured as

4

a result of the government's violation of another person's rights."). Accordingly, Plaintiff's § 1983 claims must be dismissed.[1]

    2.    Diversity Jurisdiction[2]

Plaintiff also asserts a claim for intentional infliction of emotional distress ("IIED") based on his viewing of the video of Slager shooting Scott. [ECF No. 1]. To recover damages, South Carolina law requires a plaintiff to show: (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. *Ford v. Hutson*, 276 S.E.2d 776, 778–79 (S.C. 1981). South Carolina law further limits claims of intentional infliction of emotional distress to intentional and outrageous conduct that is directed at the plaintiff, or conduct which occurred in the presence of a plaintiff of whom the defendant is aware. *Upchurch v. N.Y. Times Co.*, 431 S.E.2d 558, 561 (S.C. 1993). Here, the conduct upon which Plaintiff bases his claim—a video of Slager shooting Scott in the back—is not tortious conduct that was specifically

---

[1] Plaintiff also attempts to assert a claim under 42 U.S.C. § 2000bb-2 (Religious Freedom Restoration Act). [ECF No. 1 at 6]. Plaintiff, however, has not alleged in his complaint that any action by Defendants burdened the exercise of his religious beliefs. Further, the Religious Freedom Restoration Act was declared unconstitutional by the United States Supreme Court. *See City of Boerne v. Flores*, 521 U.S. 507, 536 (1997).

[2] Plaintiff appears to be citizen of Tennessee, and the complaint alleges that Defendants are all citizens of South Carolina. [ECF No. 1 at 2]. As Plaintiff seeks to recover $500,000 in damages, the court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

directed towards Plaintiff. In this regard, the harm allegedly suffered by Plaintiff arose indirectly from Defendants' actions. Although South Carolina permits a Plaintiff to recover "in extreme cases" for severe emotional harm the Plaintiff experiences when a third party is violently attacked in their presence, Plaintiff has not offered any evidence that he was present when Scott was shot. In fact, it appears that Plaintiff was incarcerated in Tennessee during this time. Plaintiff has failed to allege facts sufficient to support an IIED claim, and this claim should be summarily dismissed.[3]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 20, 2015
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] To the extent Plaintiff alleges a claim for negligent infliction of emotional distress, this claim is also subject to summary dismissal. To establish a claim for negligent infliction of emotional distress a plaintiff must establish: defendant's negligence caused death or serious injury to another, plaintiff was a bystander in close proximity to the accident, plaintiff and the victim were closely related, plaintiff witnessed the incident and plaintiff must exhibit physical manifestations of emotional distress that can be established by expert testimony. *Kinard v. Augusta Sash & Door Co.*, 336 S.E.2d 465, 467 (S.C. 1985). In this case, Plaintiff has not alleged that he was in close proximity to observe Defendants' negligent conduct, or that he and Scott were closely related, or that he suffered any physical injury as a result of Defendants' alleged misconduct.

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).